FILED
United States Court of Appeals
Tenth Circuit

April 12, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL CARD,

    Defendant - Appellant.

No. 23-4061
(D.C. Nos. 2:16-CV-00710-DAK &
2:99-CR-00674-DAK-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Daniel Card requests a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2255 application.[1] We deny his request for a COA and dismiss the matter. We also grant Petitioner's counsel's motion to withdraw.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). An Anders brief is appropriate where—as here—a client instructs his appointed counsel in a habeas proceeding to raise a frivolous claim. See, e.g., Miles v. Dorsey, 61 F.3d 1459, 1478 n.19 (10th Cir. 1995).

I.

A federal jury found Petitioner guilty of two counts of armed credit union robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of carrying a firearm during a credit union robbery in violation of 18 U.S.C. § 924(c).[2]  The district court sentenced Petitioner to 406 months in prison and five years of supervised release.  We affirmed Petitioner's convictions and sentence on direct appeal.[3]  United States v. Card, 46 F. App'x 941, 948 (10th Cir. 2002).

Petitioner filed his first § 2255 petition in 2012, and the district court denied the motion as untimely and denied Petitioner a COA.  United States v. Card, 2:12-cv-883 (D. Utah Feb. 6, 2013).  We also denied Petitioner a COA.  United States v. Card, 534 F. App'x. 765, 768 (10th Cir. 2013).  The Supreme Court denied certiorari. Card v. United States, 571 U.S. 1183 (2014).  Petitioner sought permission to file a successive § 2255 petition based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which we granted.  United States v. Card, No. 16-4079 (10th Cir. Nov. 27, 2019).

Accordingly, Petitioner filed the instant successive § 2255 petition to vacate his § 924(c) convictions.  The district court dismissed Petitioner's motion and denied his request for a COA.  Petitioner now requests from us a COA to appeal the district court's dismissal.

---

[2] Petitioner also received a conviction on two counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), but Petitioner does not challenge these convictions.

[3] Petitioner also directly appealed his conviction in 2014; we dismissed the appeal as untimely.  United States v. Card, No. 14-4049 (10th Cir. May 8, 2014).

II.

To receive a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)).  A petitioner makes such a showing if he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, 893 n.4 (1983)).

Petitioner argues that we should vacate his § 924(c) convictions because § 924(c) applies only to crimes of violence, and Petitioner alleges his credit union robberies cannot constitute crimes of violence pursuant to the Supreme Court's ruling in Davis v. United States, 139 S. Ct. 2319 (2019).  For a jury to convict Petitioner under § 924(c), the jury must find that Petitioner committed a "crime of violence."[4]  Section 924(c)(3) provides two definitions by which a felony qualifies as a crime of violence.  First, a felony qualifies as a crime of violence if an element requires "the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A) ("elements clause").  Alternatively, a felony qualifies as a crime of violence if it, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B) ("residual clause").  But in Davis, the Supreme Court held that the

---

[4] Section 924(c) also applies to "drug trafficking crime[s]," but neither party has alleged that this provision relates to Petitioner's § 924(c) conviction.

3

residual clause was unconstitutionally vague. 129 S. Ct. at 2323. Petitioner thus argues that we should vacate his § 924(c) convictions.

We disagree. Petitioner has not demonstrated that the jury convicted him based on the residual clause rather than the elements clause. To the contrary, the credit union robbery convictions which underly Petitioner's § 924(c) convictions are categorically crimes of violence under the elements clause: in finding Petitioner guilty, the jury found beyond a reasonable doubt that Petitioner had "either assaulted one or more persons by the use of a dangerous weapon, or put one or more persons' lives in jeopardy by the use of a dangerous weapon." Accordingly, Petitioner has failed to establish that reasonable jurists could debate whether the district court should have resolved his § 2255 petition differently. So we deny Petitioner a COA and do not reach the merits of his petition. We grant counsel's motion to withdraw.

MATTER DISMISSED.

Entered for the Court

Joel M. Carson III
Circuit Judge

4